UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALVE,<br><br>　　　　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>L. E. SCRIBNER, Warden,<br><br>　　　　　　　　　　　Respondent. | Civil No.   06cv2493-JM (CAB)<br><br>**ORDER:**<br><br>**(1) PROVISIONALLY GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; AND,**<br><br>**(2) DIRECTING A RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　On November 13, 2006, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.  On November 28, 2006, the Court denied Petitioner's request to proceed in forma pauperis because Petitioner had failed to include a certified copy of his prison trust account statement.  Petitioner was notified that in order to have this case reopened, he was required to pay the $5.00 filing fee or submit a certified copy of his prison trust account statement which indicated he had insufficient funds to pay the fee.

　　　　On January 19, 2007, Petitioner submitted a letter, dated January 9, 2007, indicating that he had requested the prison authorities to deduct the $5.00 filing fee from his trust account and forward the fee to the Court, and was told it would be mailed the first week of January.  (Doc. No. 6.)  As of the date of this Order, the Court has not received the filing fee.

1  Because Petitioner has shown a good faith effort to satisfy the filing fee requirement, the
2  Court **PROVISIONALLY GRANTS** Petitioner's application to proceed in forma pauperis, and
3  allows Petitioner to prosecute the above-referenced action as a poor person without being
4  required to prepay fees or costs and without being required to post security. However, Petitioner
5  remains obligated to either pay the filing fee or submit adequate proof of his inability to do so.
6  If the filing fee requirement has not been satisfied by the time a response to the Petition has been
7  filed, the Court will direct Respondent to provide the Court with a status report regarding
8  Petitioner's request to the prison authorities.
9  Furthermore, in accordance with Rule 4 of the rules governing petitions for a writ of
10 habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT**
11 **IS ORDERED** that:
12     a. The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy of
13 this Order on the Attorney General for the State of California, or his authorized agent; and
14 (b) serve a copy of this Order on Petitioner.
15     b. If Respondent contends the Petition can be decided without the Court's reaching the
16 merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust
17 any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred
18 by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules
19 Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner
20 is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules
21 Governing § 2254 Cases no later than **March 19, 2007**. The motion to dismiss shall not address
22 the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which Respondent
23 contends dismissal without reaching the merits of Petitioner's claims is warranted.[1] At the time
24 the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on
25 Respondent's contention in this regard. A hearing date is <u>not</u> required for the motion to dismiss.
26 / / /

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

1     c. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **April 9, 2007**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

    d. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

    e. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **April 2, 2007**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**<u>Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office</u>**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

    f. Petitioner may file a traverse to matters raised in the answer no later than **May 2, 2007**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

    g. A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

/ / /

1       h. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

      i. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

      j. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

DATED: January 31, 2007

                                                                              **CATHY ANN BENCIVENGO**
                                                                              United States Magistrate Judge