UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALVE,<br><br>                  Petitioner,<br><br>   v.<br><br>L. E. SCRIBNER, Warden,<br><br>                  Respondent. | Civil No.   06-CV-2493-JM (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS PETITION**<br><br>**[Doc. # 10]** |

## I. INTRODUCTION

On November 13, 2006, Petitioner Alejandro Alve ("Petitioner" or "Alve"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254. Respondent L.E. Scribner ("Respondent" or "Scribner") moves to dismiss the Petition for failure to exhaust state remedies. Petitioner opposes the motion. For the reasons below, the undersigned Magistrate Judge recommends that Respondent's motion be **GRANTED.**

## II. FACTS

Petitioner is currently serving a term of life for two counts of first degree murder. Petitioner alleged that the Board of Parole Hearings ("the Board") violated his due process rights by finding him unsuitable for parole release at the conclusion of a November 16, 2005 hearing. Alve sought relief from the Board's determination through the state habeas review process.[1] He filed a state habeas petition with

---

[1] As discussed below, a state prisoner can challenge the denial of parole in state court only collaterally by means of a state habeas corpus petition. *See Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003).

the California Court of Appeal. (Lodgment 2). The California Court of Appeal denied the petition. Alve did not file a habeas petition with the California Supreme Court.

### III. DISCUSSION

Alve failed to exhaust the state remedies available to him. "[S]tate courts are to be given the opportunity to correct alleged violations of prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*). Exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In order to satisfy the federal exhaustion requirement, a state prisoner must fairly present all of his federal claims to the state's highest court before he presents them to the federal court. *Duncan,* 513 U.S. at 365; *Crotts v. Smith,* 73 F.3d 861, 865 (9th Cir. 1996).

"California does not provide for direct judicial review of Board decisions, so a state prisoner can challenge the denial of parole in state court only collaterally by means of a state habeas corpus petition." *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (citation omitted). "[A] prisoner challenging a parole decision is first eligible to file a federal habeas petition only after state habeas proceedings are complete." *Id.* at 1082.

Alve brought a state habeas petition in the California Court of Appeal, but not in the California Supreme Court. Alve referenced the decision by the California Court of Appeal in his Petition as proof of exhaustion. (Petition, p. 3). Petitioner also acknowledges in his opposition to Respondent's motion that no state habeas petition was filed in the California Supreme Court. (Pet'r.'s Opp. to Resp't.'s Motion, p. 1). Alve, however, argues that:

> [I]n 2004, the Supreme Court ruled that prisoners' habeas corpus proceedings challenging Board of Prison Terms (BPT) decision of unsuitability for parole on cases predating 1978 need not seek habeas corpus relief in the Supreme Court, after the Court of Appeal's decision, before seeking relief in the federal courts. Petitioner's case dates 1976.

*Id.* Petitioner does not provide a citation for the case "the Supreme Court" decided in 2004. This Court is not aware of any legal authority in support of Petitioner's position. Because his claim was not presented to the California Supreme Court, it is unexhausted.

Petitioner argues that the Court should stay the Petition to allow him time to exhaust state remedies. The request to stay the Petition is denied. Federal courts may issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This procedure, however, is applicable to mixed petitions, which contain both exhausted and unexhausted claims. The claim based on the Board's denial of parole release is the only claim made in the Petition. The instant Petition contains no exhausted claims. Therefore no stay is warranted, and dismissal of the action in its entirety is appropriate.

### IV.  CONCLUSION AND RECOMMENDATION

Having reviewed the matter, the undersigned Magistrate Judge recommends that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus be **GRANTED** and the Petition be dismissed without prejudice. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

**IT IS ORDERED** that no later than **August 23, 2007**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED.**

**DATED: July 23, 2007**

CATHY ANN BENCIVENGO
**United States Magistrate Judge**